AO 102 (01/09)  Application for a Tracking Warrant

## UNITED STATES DISTRICT COURT
for the

Western District of Texas

**FILED**

April 07, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ kkc

DEPUTY

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*

2017 Black Chevrolet P/U, 2500
TX License Plate# JRG-8004

)
)
)
)
)
)

Case No.  1:21-MJ-274-SH

### APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of
21     U.S.C. § 846,841(a)(1) .  Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location.  The application is based on the facts set forth on the attached sheet.

■ The person, property, or object is located in this district.

□ The person, property, or object is not now located in this district, but will be at the time of execution.

□ The activity in this district relates to domestic or international terrorism.

□ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

■ evidence of a crime;

■ property designed for use, intended for use, or used in committing a crime;

■ contraband, fruits of crime, or other items illegally possessed;

□ a person to be arrested or a person who is unlawfully restrained.

■ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

■ Delayed notice of  30     days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Justin Robbins, Task Force Officer
*Applicant's printed name and title*

□ Sworn to before me and signed in my presence.

■ Sworn to telephonically and signed electronically.

Date:  4/7/2021

_____
*Judge's signature*

City and state:  Austin, TX

Susan Hightower, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In the Matter of the Application of the          §
United States of America for an Order            §          Case No.  1:21-MJ-274-SH
Authorizing the Disclosure of Precise            §
Location Information for a **2017 Black**        §          (**UNDER SEAL**)
**Chevrolet P/U 2500, Texas License Plate:**    §
**JRG-8004**                                     §

## Affidavit In Support of Application

I, Justin Robbins, am a Texas Peace officer with the Georgetown Police Department in

Georgetown, TX, being duly sworn, depose and state the following:

1. Your affiant has been a Peace officer for 18 years and is assigned to investigate various

   violations of federal and state law, to include but not limited to, the investigation of

   narcotics, organized crime, and money laundering offenses.   Affiant is currently

   assigned to the Drug Enforcement Administration (DEA) Austin, High Intensity Drug

   Trafficking Area (HIDTA), Task Force-1 (TF-1).   By virtue of my assignment to the

   DEA, I am authorized to conduct investigations into violations of the Controlled

   Substances Act.  I have received extensive training and experience in the investigation

   of narcotics trafficking offenses, including but not limited to, the means and methods

   used by traffickers in importing, storing and distributing controlled substances,

   interdiction, smuggling methods and conveyances, methods of operations to include the

   use of coded language by drug traffickers, and the concealment and laundering of

   proceeds of illicit drug trafficking.   I have participated in numerous narcotics

   investigations and debriefed or participated in the debriefing of dozens of defendants,

   informants, and witnesses who had personal knowledge regarding narcotics trafficking

   organizations.  I have participated in all aspects of drug investigations, including but not

   limited to conducting surveillance, analyzing information obtained from court ordered

pen registers and trap and trace intercepts, analyzing telephone toll information obtained as a result of subpoenas issued by the DEA, and conducting court authorized Title III wire, oral, and electronic communication intercepts.

2. This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a black 2017 Chevrolet P/U 2500 with Texas License Plate: JRG-8004 and registered to Jose JAIMES Jr. at 550 Roseberry, Buda, TX, in the Western District of Texas (hereafter referred to as TARGET VEHICLE). Based on the facts set forth in this affidavit, there is probable cause to believe that the TARGET VEHICLE is presently being used in furtherance of JAIMES' distribution of cocaine and methamphetamine in violation of Title 21, United States Code 841(a)(1), and conspiracy to distribute cocaine in violation of Title 21, United States Code 846. As a result, I believe that use of a tracking device on the TARGET VEHICLE will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

3. I have personally participated in the investigation set forth below and am familiar with the facts and circumstances of the investigation through my personal participation and from discussions with other law enforcement officers involved in the investigation. Because this affidavit is being submitted for the limited purpose of showing that there is sufficient probable cause for the requested warrant, I have not included details of every aspect of this investigation.

**PROBABLE CAUSE**

4.  On February 11, 2021, United States Magistrate Judge Mark Lane issued a tracking warrant authorizing the installation and use of a tracking device on the TARGET VEHICLE. A copy of the warrant and affidavit in support of the warrant are attached as Exhibit A and incorporated in full here. Rather than repeat the facts set forth in Exhibit A, this affidavit will describe the facts supporting the collection of another 30 days of location information for the TARGET VEHICLE.

5.  Since Judge Lane issued the previous tracking warrant, agents have obtained important location information from the TARGET VEHICLE. First, tracking has confirmed that JAIMES uses the TARGET VEHICLE for narcotics purposes. On 03/23/2021 an additional "Buy /Walk" was conducted at JAIMES' restaurant by JAIMES. On this occasion, JAIMES sold approximately 5 ounces of suspected methamphetamine to a confidential source. Agents used location information from the TARGET VEHICLE to confirm that JAIMES had used that vehicle just before the operation.

6.  In addition, location information from the TRACKING VEHICLE has revealed several locations where JAIMES resides, including hotels. (The location data has also revealed JAIMES' residence, although he appears to be estranged from his family.) Tracking the TARGET VEHICLE has also exposed some of the locations where JAIMES goes prior to and after engaging in drug transactions, but further tracking is needed to identify JAIMES' drug suppliers.

7.  Agents seek an additional 30 days of location information from the TARGET VEHICLE to be able to locate JAIMES' sources of supply, as well as more of his narcotics network. Because he appears to travel to multiple places prior to and after engaging in drug transactions, it is unlikely that agents will be able to use other means of tracking him.

3

Therefore, additional tracking data is necessary to determine JAIMES' movements and patterns of activity.

**Authorization Request**

8.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA Austin or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the TARGET VEHICLE within the Western District of Texas within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the TARGET VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; if applicable: to surreptitiously enter 730 W Stassney Ln, #130, Austin, TX,  and/or move the TARGET VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Texas.

9.   It is further requested that the court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Vehicle outside of daytime hours.

10. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee

4

from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior. The original tracking warrant issued by Judge Lane authorized a delayed notice of 30 days.

11. It is further requested that the warrant and this affirmation, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office (USAO), the DEA, and any other law enforcement agency designated by the USAO.

_____
Justin Robbins, Task Force Officer
DEA Task Force, Austin, Texas

Sworn to and subscribed before me on April _7_, 2021.

_____
Susan Hightower
United States Magistrate Judge
Western District of Texas

5

# Exhibit A

**FILED**

February 11, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
                    DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**S E A L E D**

| | | |
|---|---|---|
| In the Matter of the Search of: | § | [AUSA Kathryn Cherry] |
| | § | |
| A 2017 Black Chevrolet P/U, 2500 | § | NO.  1:21-MJ-118-ML |
| TX License Plate# JRG-8004 | § | |
| | § | |
| | § | |
| | § | |

## MOTION TO SEAL THE APPLICATION AND AFFIDAVIT
## FOR VEHICLE TRACKING WARRANT

      Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and respectfully requests the Court to order this Motion, the Application and Affidavit for Search Warrant, and the Search Warrant filed in the above-styled and numbered cause be SEALED for thirty (30) days from the date of this Order, save for two copies of each to be issued to the Affiant and one file-stamped copy of each to be provided to the United States Attorney's Office.

      As reason for such request, the United States would show that the criminal investigation remains pending and may be jeopardized if the information contained in the foregoing documents is not sealed.

                                  Respectfully submitted,

                                  ASHLEY C. HOFF
                                  United States Attorney

By:            /s/ *Kathryn Cherry*
                                 Kathryn Cherry
                                   Assistant United States Attorney

**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**February 11, 2021**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
DEPUTY

**S E A L E D**

| In the Matter of the Search of: | § | [AUSA Kathryn Cherry] |
| | § | |
| A 2017 Black Chevrolet P/U, 2500 | § | NO. 1:21-MJ-118-ML |
| TX License Plate# JRG-8004 | § | |
| | § | |
| | § | |
| | § | |

**ORDER**

Before the Court is the Government's Motion to Seal the Application and Affidavit for a Warrant and the Warrant in the above-styled case, and after considering the same, the Court is of the opinion that it should be granted in the interest of law enforcement. Accordingly,

IT IS ORDERED that the Clerk of the Court file the Application and Affidavit and the Warrant UNDER SEAL for a period of 30 days. Should the government wish the warrant documents to remain sealed thereafter, it must file a motion seeking that relief in a manner consistent with the Standing Order of this Division on the sealing of warrants. Failure to seek the continuation of sealing will result in the warrant documents being unsealed.

IT IS FURTHER ORDERED that the Government's Motion to Seal, as well as this order shall remain sealed until such time as the remaining warrant documents are unsealed.

**SIGNED** this 11th day of February, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

AO 102 (01/09) Application for a Tracking Warrant

**FILED**

# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

**February 11, 2021**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
DEPUTY

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*

2017 Black Chevrolet P/U, 2500
TX License Plate# JRG-8004

)
)
)
)
)
)

Case No. 1:21-MJ-118-ML

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of
21 U.S.C. § 846,841(a)(1). Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.

- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Justin Robbins, Task Force Officer

*Applicant's printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to telephonically and signed electronically.

Date: February 11, 2021

*Judge's signature*

City and state: Austin, TX

Mark Lane, U.S. Magistrate Judge

*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

In the Matter of the Application of the §
United States of America for an Order §  Case No. 1:21-MJ-118-ML
Authorizing the Disclosure of Precise §
Location Information for a **2017 Black** §  **(UNDER SEAL)**
**Chevrolet P/U 2500, Texas License Plate:** §
**JRG-8004** §

## Affidavit In Support of Application

I, Justin Robbins, am a Texas Peace officer with the Georgetown Police Department in

Georgetown, TX, being duly sworn, depose and I state the following:

1.  Your affiant has been a Peace officer for 18 years and been assigned to investigate

various violations of federal and state law, to include but not limited to, the investigation of

narcotics, organized crime, and money laundering offenses.  Affiant is currently assigned to the

Drug Enforcement Administration (DEA) Austin, High Intensity Drug Trafficking Area

(HIDTA), Task Force-1 (TF-1).  By virtue of my assignment to the DEA, I am authorized to

conduct investigations into violations of the Controlled Substances Act.  I have received

extensive training and experience in the investigation of narcotics trafficking offenses, including

but not limited to, the means and methods used by traffickers in importing, storing and

distributing controlled substances, interdiction, smuggling methods and conveyances, methods of

operations to include the use of coded language by drug traffickers, and the concealment and

laundering of proceeds of illicit drug trafficking.  I have participated in numerous narcotics

investigations, debriefed or participated in the debriefing of dozens of defendants, informants,

and witnesses who had personal knowledge regarding narcotics trafficking organizations.  I have

participated in all aspects of drug investigations, including but not limited to conducting

surveillance, analyzing information obtained from court ordered pen registers and trap and trace

intercepts, analyzing telephone toll information obtained as a result of subpoenas issued by the

DEA, and conducting court authorized Title III wire, oral, and electronic communication intercepts.

2. This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a black 2017 Chevrolet P/U 2500 (here after referred to as TARGET VEHICLE), with Texas License Plate: JRG-8004 and registered to Jose JAIMES Jr. at 550 Roseberry, Buda, TX, in the Western District of Texas. Based on the facts set forth in this affidavit, I believe that the TARGET VEHICLE is presently being used in furtherance of JAIMES' distribution of cocaine in violation of Title 21, United States Code 841(a)(1), and conspiracy to distribute cocaine in violation of Title 21, United States Code 846. As a result, there is probable cause to believe that the installation of a tracking device on the TARGET VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

3. I have personally participated in the investigation set forth below and am familiar with the facts and circumstances of the investigation through my personal participation and from discussions with other law enforcement officers involved in the investigation. Because this affidavit is being submitted for the limited purpose of showing that there is sufficient probable cause for the requested warrant, I have not included details of every aspect of this investigation.

## Background of the Investigation

4. Since December 2020, the DEA Austin District Office (ADO), the San Marcos Police Department, and the Georgetown Police Department have been conducting an ongoing investigation into the drug trafficking activities of Jose Luis JAIMES Jr. in, and around the Austin and Buda, Texas, areas. In January 2021, Agents conducted two controlled purchases of

narcotics from JAIMES at his place of business, Las Lomas Restaurant, 730 W Stassney Ln, #130, Austin, TX, 78745.

5. On 01/12/2021, Agents/TFOs along with detectives from San Marcos PD and Georgetown PD, conducted a "Buy/Walk" operation in Austin, TX. Georgetown CS-2021-46(CS) was directed by a Georgetown Detective to purchase nine ounces of cocaine from a target identified as Jose Luis JAIMES Jr. by TX driver's license photo. TFO Robbins observed the CS purchase approximately nine ounces of suspected cocaine from JAIMES at JAIMES' restaurant, Las Lomas, in Austin, TX.

6. On 01/27/2021, Agents/TFOs, along with detectives from San Marcos PD and Georgetown  PD, conducted a second "Buy/Walk" operation in Austin, TX. Georgetown CS-2021-46 was directed by a Georgetown Detective to purchase two ounces of methamphetamine, and pay a remaining balance of $500.00 for previously received suspected cocaine on 01/12/2021.The CS purchased approximately two ounces of suspected methamphetamine from JAIMES at JAIMES' restaurant, Las Lomas, in Austin, TX.

7. Prior to the purchase of methamphetamine on 01/27/2021, TFO Justin Robbins observed a black truck (TARGET VEHICLE) in operation behind the Las Lomas Restaurant. The truck was in operation and occupied by a male identified by TFO Robbins to be Jose Luis JAIMES Jr. JAIMES was observed by other Agents on surveillance leaving this location in the TARGET VEHICLE on 01/27/2021 and returning in TARGET VEHICLE, just before the above mentioned "Buy/Walk" operation with the CS. TFO Robbins noted that the TARGET VEHICLE operated by JAIMES displayed TX LP# JRG-8004. According to the Texas Department of Transportation, JRG-8004 is registered to Jose JAIMES Jr. at 550 Roseberry, Buda, TX, 78610 (here after the Residence).

8. Agents have made multiple attempts at different hours to locate the vehicle at JAIMES' residence without success. JAIMES may or may not be residing at the registered address at this time, which is also the same as listed on his Driver License. According to the CS, the above listed truck belongs to JAIMES and he commonly uses the truck to deliver narcotics. The CS said that JAIMES has delivered cocaine to the CS previously out of the TARGET VEHICLE. The CS also stated that JAIMES is aware of surveillance techniques used by law enforcement and simple follow-off in vehicles is likely to be unsuccessful.

9. The CS has provided previous information regarding a separate target that was found to be reliable and credible by agents. This includes an operational location for the distribution of cocaine, the target, and personal information regarding the target. The CS has also communicated with JAIMES and performed all actions requested by Agents without incident.

10. Because JAIMES sometimes parks the SUBJECT VEHICLE in driveways and on other private property, it may be necessary to enter onto private property and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device. The following are probable locations Agents may go to install the vehicle tracker: 550 Roseberry Buda, TX, 78610 (the residence) and 730 W Stassney Ln #130, Austin, TX, 78745 (the restaurant).

11. Based on the foregoing, there is probable cause to believe that tracking of the TARGET VEHICLE would aid law enforcement in locating possible places of residency, stash locations, and the locations of meets between JAIMES and his source of supply, and other unknown coconspirators.

### Authorization Request

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes

members of DEA Austin or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the TARGET VEHICLE within the Western District of Texas within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the TARGET VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; if applicable: to surreptitiously enter 550 Roseberry, Buda, TX, 78610 (the residence) and/or move the TARGET VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Western District of Texas.

13. It is further requested that the court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Vehicle outside of daytime hours. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. This request is based on the locations and probable exposure to potential targets during daytime hours. Employees and family members are anticipated to be involved with JAIMES' drug trafficking, creating a potential for counter surveillance.

14. It is further requested that the warrant and this affirmation, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others,

5

except that working copies should be made available to the United States Attorney's Office (USAO), the DEA, and any other law enforcement agency designated by the USAO.

15. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

Justin Robbins, Task Force Officer
DEA Task Force, Austin, Texas

Sworn to and subscribed before me on February 11 , 2021.

United States Magistrate Judge
Western District of Texas

7

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

|  |  |  |
|---|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>Black 2017 Chevrolet P/U 2500<br>TX License Plate # JRG-8004 | )<br>)<br>)<br>)<br>)<br>) | Case No.   1:21-MJ-118-ML |

## TRACKING WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and  ☑ is located in this district;    ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;    ☐ other: _____ .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that *(check the appropriate box)* ☐ using the object        ☑ installing and using a tracking device to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: a black 2017 Chevrolet P/U 2500 TXLP# JRG-8004

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by ___February 21, 2021___ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until ___March 28, 2021___ *(no later than 45 days from the date this warrant was issued).* The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☐ into the vehicle described above       ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* ___U.S. Magistrate Judge Mark Lane___ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ___30___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     ___02/11/2021 1:42 pm___          _____
                                                                                                          *Judge's signature*

City and state:    ___Austin, Texas___             ___U.S. Magistrate Judge Mark Lane___
                                                                                          *Printed name and title*

AO 104 (Rev. 07/16)  Tracking Warrant (Page 2)

Case No.  1:21-MJ-118-ML

<table>
<tr><td colspan="2" align="center">Return of Tracking Warrant With Installation</td></tr>
</table>

1.   Date and time tracking device installed:  _____

2.   Dates and times tracking device maintained:  _____

3.   Date and time tracking device removed:  _____

4.   The tracking device was used from *(date and time)*:  _____

     to *(date and time)*:  _____ .

<table>
<tr><td colspan="2" align="center">Return of Tracking Warrant Without Installation</td></tr>
</table>

1.   Date warrant executed:  _____

2.   The tracking information was obtained from *(date and time)*:  _____

     to *(date and time)*:  _____ .

<table>
<tr><td align="center">Certification</td></tr>
</table>

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date:  _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 104 (Rev. 07/16)  Tracking Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| In the Matter of the Tracking of | ) | |
| *(Identify the person, property, or object to be tracked )* | ) | |
| | ) | Case No.   1:21-MJ-274-SH |
| Black 2017 Chevrolet P/U 2500 | ) | |
| TX License Plate # JRG-8004 | ) | |
| | ) | |

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and  ☑ is located in this district;    ☐ is not now located in this district, but will be at execution;   ☐ the activity in this district relates to domestic or international terrorism;     ☐ other:

_____ .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object         ☑ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: a black 2017 Chevrolet P/U 2500 TXLP# JRG-8004

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by _____April 17, 2021_____ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until _____May 22, 2021_____ *(no later than 45 days from the date this warrant was issued).*  The tracking may occur within this district or another district.  To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☐ into the vehicle described above       ☑ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)*        U.S. Magistrate Judge Susan Hightower        and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510).  I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for ___30___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:        04/07/2021 11:40 am        _____

*Judge's signature*

City and state:     Austin, Texas        _____

U.S. Magistrate Judge Susan Hightower

*Printed name and title*

AO 104 (Rev. 07/16)  Tracking Warrant (Page 2)

Case No.  1:21-MJ-274-SH

<div style="border:1px solid black">

### Return of Tracking Warrant With Installation

1.  Date and time tracking device installed: _____

2.  Dates and times tracking device maintained: _____

3.  Date and time tracking device removed: _____

4.  The tracking device was used from *(date and time)*: _____

    to *(date and time)*: _____ .

### Return of Tracking Warrant Without Installation

1.  Date warrant executed: _____

2.  The tracking information was obtained from *(date and time)*: _____

    to *(date and time)*: _____ .

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.


Date: _____

                               _____
                                 *Executing officer's signature*

                               _____
                                 *Printed name and title*

</div>

Print     Save As...                    Reset